UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

William McLaughlin,

    Plaintiff,

    v.                                                          Civil Action No. 5:15-cv-111-gwc-jmc

Andrew A. Pallito, Natsha Metcalf,
David Frye, Dominic Domato,
Rick Byrnes, David Turner, and
Sgt. Johnny Peters,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 9)

Plaintiff William McLaughlin, an inmate in the custody of the Vermont Department of Corrections, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages against Defendants Andrew A. Pallito, Natasha Metcalf, David Frye, Dominic Domato, Rick Byrnes, David Turner, and Johnny Peters.  (Doc. 13 at 1, 14.)  He also seeks to have his prison disciplinary record expunged.  (*Id.* at 14.)  In his Amended Complaint, Plaintiff alleges that Defendants' disciplinary proceedings, which resulted in an "extended" period of solitary confinement, violated his due process rights.  (Doc. 13 at 3.)

Pending before this Court is Defendant Pallito's Motion to Dismiss Plaintiff's original complaint.  (Doc. 9.)  As explained below, the Amended Complaint has added

six new defendants and new averments. Therefore I recommend that Defendant's Motion to Dismiss (Doc. 9) be DENIED as moot and without prejudice.

## **Procedural History**

Plaintiff filed his original Complaint on May 27, 2015, naming Vermont Department of Corrections Commissioner Andrew A. Pallito as the sole Defendant. (Doc. 5.) In the Complaint, Plaintiff claimed that his due process rights were violated throughout a series of disciplinary proceedings. (*Id.* at 4–5.) The violations included procedural deficiencies, officer bias, and unlawful segregation. (*Id.* at 3, 4, 5.)

On August 5, 2015, Commissioner Pallito filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 9.) Pallito argues for dismissal on the following grounds: (1) Eleventh Amendment immunity bars claims for damages against the Commissioner in his official capacity; (2) Plaintiff failed to allege the Commissioner's personal involvement in the alleged due process violations; and (3) the Commissioner already expunged the relevant incident from Plaintiff's record, thus rendering moot Plaintiff's claim for relief. (*Id.* at 5, 6, 8.)

On August 21, 2015, Plaintiff filed a Motion for Extension of Time to File Response to Motion to Dismiss, which included a Motion for Leave to File an Amended Complaint. (Doc. 10.) Plaintiff's Motion for an Extension of Time to File Response was granted on August 25, 2015, but the Motion for Leave to File an Amended Complaint was left unaddressed. (*See* Docs. 11, 12.) Subsequently, on September 23, 2015, the Court granted Plaintiff's Motion for Leave to File an Amended Complaint, noting that *pro se* litigants are generally afforded "at least one opportunity to amend a complaint."

(Doc. 12.)  Plaintiff's Amended Complaint (Doc. 13) was filed on October 22, 2015.  The Amended Complaint added Natasha Metcalf, David Frye, Dominic Domato, Rick Byrnes, David Turner, and Johnny Peters as Defendants.  (Doc. 13 at 1.)  Three of these new defendants are apparently not employed by the Vermont Department of Corrections.  (Doc. 13 at 1–2.)  Moreover, additional exhibits were appended to the Amended Complaint, while other documents were excluded.  (*See, e.g.*, Docs. 13-1, 13-2 (new exhibits); *see also* Doc. 5-3 at 1 (letter from Commissioner Pallito excluded from Amended Complaint).)

When, as here, a plaintiff amends his complaint "'while a motion to dismiss is pending,' . . . the 'court then has a variety of ways in which it may deal with the pending motion [to dismiss], from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008) (second alteration in original) (quoting *In re Colonial Ltd. P'ship Litig.*, 854 F.Supp. 64, 80 (D.Conn.1994)).  "Where the proposed amendment requires leave of court, the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Id.*  As noted above, Plaintiff's Amended Complaint names six new defendants, including employees of an entity described only as "C.C.A.," and presents new allegations.  (*See* Doc. 13 at 1, 2.)  Plaintiff also sets forth new, explicit references to Defendant Pallito's alleged involvement in Plaintiff's disciplinary proceedings.  (*See id.* at 8, 9, 13.)  Addressing the Motion to Dismiss would leave the claims against the remaining defendants outstanding.

3

In light of these significant amendments, I recommend that Defendant Pallito's Motion to Dismiss (Doc. 9) be DENIED as moot without prejudice to renew.

Dated at Burlington, in the District of Vermont, this 27th day of October, 2015.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).